UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carl Blake Brock,  #08560-003,           ) | C/A No.  3:10-2821-JFA-JRM |
|                                          ) | |
|                     Plaintiff,           ) | |
| v.                                       ) | ORDER ON |
|                                          ) | REPORT & RECOMMENDATION |
| John Doe, # 1, et al.                    ) | |
|                                          ) | |
|                     Defendants.          ) | |
|                                          ) | |

The *pro se* plaintiff, Carl Blake Brock, is an inmate at the Federal Correctional Institution in Edgefield, South Carolina.  He brings this action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He contends that the defendants have violated his constitutional rights in connection with medical treatment he was given after sustaining injuries during a prison uprising while he was incarcerated at the United States Penitentiary in Hazelton, West Virginia (USPH).  He seeks nominal, actual, compensatory, and punitive damages in excess of $100 million.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that  various motions pending in this case should be denied on their merits or denied as moot.  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on February 27, 2012. The plaintiff has filed a 25-page objection memorandum, the gist of which opposes the Magistrate Judge's recommendation not to hold defendant Catherine Bowman in default or strike her answer.

As an initial matter, it should be noted that the plaintiff's objections to the Report are duplicative of the issues that were presented to and addressed by the Magistrate Judge. A brief procedural history of the default issue is necessary.

Defendant Catherine Bowman is a Radiology Technologist contracted by USPH, who took an x-ray of the plaintiff after he sustained injuries at the USPH.

In her motion to set aside default, Ms. Bowman attests that when she was made aware of the plaintiff's lawsuit on or about January 11, 2011, she notified her supervisor, Mr. James Williams, who stated that the situation would be handled through his office. When she received a copy of the summons and complaint on March 28, 2011 via registered mail, her supervisor again told her that he would take care of the matter. On July 11, 2011, she was contacted by the Bureau of Prisons and informed that she had not answered the plaintiff's complaint and that she was going to be held in default.

On July 19, 2011, Ms. Bowman, now through private counsel, filed a motion under Rule 60 of the Federal Rules of Civil Procedure to set aside the entry of a default.

Bowman asserts that her failure to respond to the complaint occurred as a result of mistake, inadvertence, surprise or excusable neglect. She submits that she has a viable defense available to her; she believed that her employer would provide a defense for her; and

that the plaintiff will not be prejudiced by the entry or lifting of the default.

A review of the docket reveals that on April 29, 2011, the United States Attorney filed a motion to extend time to file a responsive pleading on behalf of the USPH defendants. The Assistant United States Attorney noted that the defendants were entitled to seek representation by the United States under 28 C.F.R. § 50.15 and that the United States had not yet obtained the authority necessary to represent the individually named defendants. The government also noted that it did not represent defendants Yung and Wilson. The court finds it reasonable that Ms. Bowman believed that counsel for the government would be representing her in this action.

On July 1, 2011, the government filed a motion to dismiss on behalf of the federal defendants, but Ms. Bowman was not named as one of the filers. Shortly thereafter, on July 11, 2011, the plaintiff filed a motion for entry of default against Ms. Bowman.[2] The plaintiff, in his request for "Judgment of Default" (ECF No. 48), contends that defendant Catherine Bowman owes the plaintiff damages in the amount of $4,500,350 to "reflect real physical damage suffered to the plaintiff's body as a result of Catherine Bowman's deliberated [sic] indifference."

As the Magistrate Judge correctly finds, defendant Bowman has presented a meritorious defense; she acted with the requisite promptness and diligence in seeking to set

---

[2] The plaintiff served a copy of his motion on the United States Attorney in Columbia, South Carolina, noting that the service was for "Friend, Asumah; Corbin; **Bowman**; Vasquez; Lopez; Smith; Fonte; Saha; Guevara; Guerte-Rosario; Mackelburg; Rice; and Blocker." He also served Ms. Bowman and the John Doe defendants at the USP Hazelton. Thus, it would appear to this court that even the plaintiff considered Ms. Bowman to be represented by the United States Attorney at the time of his motion as he named her with the other USPH defendants under "service for" on his certificate of service.

aside or explain her default; there is no history of dilatory action; there is no less drastic sanction; and there was no prejudice to the plaintiff. Having considered these factors, the court will not grant default against defendant Bowman. Further, this decision is in keeping with the Fourth Circuit's longstanding policy in favor of avoiding defaults and disposing of claims and defenses on their merits. *See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413 (4th Cir. 2010).[3]

The court has thoroughly reviewed the record, the applicable law, and the Report and Recommendation, and finds the Magistrate Judge's recommendations to be proper and incorporates the Report herein by reference.

As to other pending motions in the case which were not directly objected to by the plaintiff, the clerk is directed enter the following dispositions:

(1)    Motion to Dismiss by Wilson and Yung (ECF No. 34) — denied without prejudice.[4]

(2)    Plaintiff's Motion to Sever (ECF No. 38) — denied without prejudice.

(3)    Motion to Extend Time to Reply (ECF No. 40) – denied as moot.

---

[3] In *Colleton*, the Fourth Circuit quoted the Eighth Circuit's decision in *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998):

> Entry of default raises no protectable expectation that a default judgment will follow, and a party's belief in the integrity of the system must include, to be reasonable, knowledge that a system of integrity makes exceptions "for good cause shown." As numerous decisions make clear, prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits.

[4] As the Magistrate Judge noted in his Report and Recommendation, the defendants have filed amended motions to dismiss (ECF Nos. 102, 109, and 116) as a result of the plaintiff's filing of an amended complaint. The defendants' arguments in their original motions, as well as the new amended motions will be considered. Additionally, plaintiff's responses to defendants' earlier motions for judgment on the pleadings and motions to dismiss, as well as his additional responses related to the motions to dismiss his amended complaint will be considered.

(4)   Motion to Dismiss by Azumah, et al. (ECF No. 45) — denied without prejudice.

(5)   Plaintiff's Motion for Default as to Bowman (ECF No. 48) — denied.

(6)   Plaintiff's Motion for Partial Summary Judgment (ECF No. 52) — denied.

(7)   Defendant Bowman's Motion to Set Aside Default (ECF No. 53) — denied as moot.

(8)   Plaintiff's Motion to Strike Bowman's Answer (ECF No. 79) — denied.

(9)   Plaintiff's Motion to Strike Motion to Set Aside (ECF No. 82) — denied as moot.

(10)  Plaintiff's Motion to Strike Bowman's Defenses (ECF No. 87) — denied.

(11)  Plaintiff's Motion for Order (ECF No. 88) — denied.

(12)  Motion to Dismiss John Doe, et al. (ECF No. 89) — denied without prejudice.

The Clerk shall return this file to the Magistrate Judge for further pretrial matters.

IT IS SO ORDERED.

March 9, 2012                                Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge