IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carl Blake Brock, #08560-003, ) | Civil Action No.: 3:10-2821-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Marshall Shearer, Correctional Officer; John Doe # 2, Correctional Officer; Jason Elliot, Correctional Officer; Donald Petroslp, SIS Lieutenant; Brett Friend, Registered Nurse; M. Aaumah, Mid-level Practitioner; Corbin, Physicians Assistant; Catherine Bowman, Radiology Tech; Jorge S. Vasquez, Medical Doctor; Brian Yung, Medical Doctor; Alison Wilson; Medical Doctor; Hector Lopez, Medical Doctor; Valerie Smith, Physicians Assistant; Donardo Fonte, Physicians Assistant; Arunava Saha, Mid-level Practitioner; Lorenzo Guevara, Asst. Health Serv. Adm.; L. Fuertes-Rosario, Health Serv. Admin.; W. E. Mackelburg, Admin. Rem Cord; Penny Rice, Secretary; and R. A. Blocker, Clinical Director, ) | **ORDER AND OPINION** |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Carl Blake Brock ("Plaintiff") filed this action against Defendants on November 16, 2010, pursuant to 42 U.S.C. § 1983 concerning incidents which occurred while he was housed at the United States Penitentiary Hazleton ("USP-Hazleton") in Bruceton Mills, West Virginia, and at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield"). Plaintiff is currently housed at FCI-Edgefield. Plaintiff brought this action against several defendants who are Bureau of Prisons ("BOP") employees and several other defendants who are employees of the United States Public Health Service ("USPHS"), the West Virginia University Hospital ("WVUH"), or not employed by BOP.

**FACTUAL AND PROCEDURAL BACKGROUND**

1

The Report and Recommendation sets forth in detail the relevant facts and standards of law and the Court incorporates them and summarizes below in relevant part. Plaintiff filed this action on November 16, 2010 (ECF No. 1), and amended his complaint on January 5, 2012, incorporating his original complaint and identifying defendants originally designated as John Does #1, #3, and #4, asserting additional bases for jurisdiction and otherwise clarifying his claims. (ECF No. 100.)

On May 6, 2011, Defendants Alison Wilson and Brian Yung moved for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 34.) Plaintiff filed a response on May 25, 2011. (ECF No. 42.) On July 1, 2011, Defendants and federal employees Brett Friend, Michael Azumah, Patricia Corbin, Jorge S. Vasquez, Hector Lopez, Valerie Smith, Donardo Fonte, Arunava Saha, Lorenzo Guevara, Luisa Fuertes-Rosario, William Mackelburg, Penny Rice and Rex Blocker filed a motion to dismiss. (ECF No. 45.) Plaintiff filed a response to this motion to dismiss on July 22, 2011, and a Supplement on July 26, 2011. (ECF Nos. 55 and 66.) Defendants Marshall Shearer (John Doe #1); Jason Elliot (John Doe #3) and Donald Petrisko (John Doe #4) filed a motion to dismiss on October 7, 2011. (ECF No. 89.) Plaintiff filed his response to this motion on October 21, 2011. (ECF No. 95). On that same day, Plaintiff filed a Motion to Impeach and Exclude, and Motion to Strike. (ECF No. 94.) After Plaintiff filed his amended complaint, Defendants Yung and Wilson filed a Motion to Dismiss which incorporated their earlier filed motion. (ECF No. 102.) Plaintiff filed a response on January 31, 2012. (ECF No. 110.) On February 1, 2012, the federal defendants Marshall Shearer (John Doe #1); Jason Elliot, (John Doe #3) and Donald Petrisko (John Doe #4), Brett Friend, Michael Azumah, Patricia Corbin, Jorge S. Vasquez, Hector Lopez, Valerie Smith, Donardo Fonte, Arunava Saha, Lorenzo Guevara, Luisa Fuertes-Rosario, William Mackelburg, Penny Rice and Rex Blocker filed a Motion to Dismiss Plaintiff's Amended Complaint which incorporated their earlier (ECF No. 45 and 89) motions. (ECF No. 109.) Plaintiff filed a

2

response on February 8, 2012.  (ECF No. 115.)   Defendant Catherine Bowman filed a Motion to Dismiss Plaintiff's Amended Complaint on February 17, 2012. (ECF No. 116.)  Plaintiff filed a response in opposition to the Motion to Dismiss on February 28, 2012.  (ECF No. 121.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling.  On July 25, 2012, Magistrate Judge McCrorey issued a Report and Recommendation recommending that Defendant John Doe #2 be dismissed without prejudice.  The Magistrate Judge further recommended that the motion to dismiss of Defendants Yung and Wilson (ECF No. 102) be granted; the motion to dismiss of Defendants Shearer (John Doe #1); Elliot (John Doe #3); Peitrisko (John Doe #4), Friend, Azumah, Corbin, Vasquez, Lopez, Smith, Fonte, Saha, Fuertes-Rosario, Mackelburg, Rice, and Blocker (ECF No. 109) be granted; and the motion to dismiss of Defendant Bowman (ECF No. 116) be denied.  The Magistrate Judge also recommended that Plaintiff's motion to impeach, exclude, and strike (ECF No. 94) be denied.  Plaintiff filed objections to the Report and Recommendation on August 6, 2012. (ECF No. 133.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  *Id*.  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.  After conducting a *de novo* review of the Plaintiff's objections, and considering the record, applicable law, and the Report and Recommendation of the Magistrate Judge, the Court

finds the Magistrate Judge's recommendation to be proper and adopts the Magistrate Judge's Report and Recommendation.

## **REPORT AND RECOMMENDATION AND RESPONSES**

The Magistrate Judge set forth a detailed listing of facts which were construed in the light most favorable to Plaintiff based on the allegations made in Plaintiff's complaint. (ECF No. 132 at 4-8.) He then fully set forth the applicable standards of review for construing the complaints filed by *pro se* litigants and for the consideration of a motion to dismiss. (ECF No. 132 at 8-9.) The Magistrate Judge then discussed the allegations of Plaintiff's complaint, surmising that Plaintiff appears to allege that Defendants violated his constitutional rights by failing to protect him from an attack by another inmate, failing to provide him with proper medical care, placing him in unsterile living conditions at USP-Hazleton instead of allowing him to remain at WVUH, and failing to properly process his grievances. (ECF No. 132 at 9.) As noted above, Defendants moved to dismiss for various grounds which were considered fully by the Magistrate Judge. This Court groups the Defendants' arguments as follows for the purposes of this analysis:

1) Defendants Yung and Wilson ("WVUH Defendants") seek dismissal of Plaintiff's claims against them because they are not subject to personal jurisdiction by this court, Plaintiff's claims are barred by the applicable statute of limitations, Plaintiff fails to state a claim because they have not acted under the color of state law and Plaintiff's allegations do not state a claim for a deprivation of a federal right;

2) Defendant employees of the United States Public Health Service Valarie Smith, Physician's Assistant and Patricia Corbin, Physician's Assistant ("USPHS Defendants") and Defendants Shearer (John Doe # 1); Elliot (John Doe # 3); Peitrisko (John Doe # 4); Friend; Azumah; Vasquez; Lopez; Fonte; Saha; Guevara; Fuertes-Rosario; Mackelburg; Rice; and Blocker ("BOP Defendants") seek dismissal of Plaintiff's claims because they contend that the Court does not have subject matter jurisdiction over the Defendants in their official capacities;

4

the USPHS Defendants are entitled to absolute immunity and the other individual BOP Defendants entitled to qualified immunity; the applicable statute of limitations mandates dismissal of the West Virginia claims; Plaintiff failed to exhaust the available administrative remedies; and the pleadings do not comply with Rule 8 of the Federal Rules of Civil Procedure;

3) Defendants Shearer, Elliot, Peitrisko, Friend, Azumah, Corbin, and Vasquez ("USP-Hazleton Defendants") seek dismissal of Plaintiff's claims because they are not subject to personal jurisdiction by the court, in addition to the arguments raised by the BOP Defendants as set forth above.

4) Defendant Bowman argues that her motion to dismiss should be granted claiming: this Court lacks subject matter jurisdiction over her; the alleged negligence does not rise to the level of an Eighth Amendment violation; and Plaintiff has not complied with the requirements of the Federal Tort Claims Act.

## ANALYSIS OF PLAINTIFF'S OBJECTIONS

### 1.  Subject Matter Jurisdiction/Sovereign Immunity

The Magistrate Judge found that claims against the BOP/USPHS Defendants in their official capacities to the extent Plaintiff is seeking monetary damages, are barred by the doctrine of sovereign immunity.  (ECF No. 132 at 12.)  The Court finds no error in this analysis.  Further, Plaintiff has clearly indicated his agreement with the Magistrate Judge on this point and has stated that "Plaintiff agrees that the Court would lack subject matter jurisdiction to hear any claims against the Federal defendants in their 'official' capacities."  (ECF No. 133 at 2.)  He has further claimed that he has not sued or made claims against the BOP/USPHS defendants in their official capacities, but instead "only sued these defendants for acts that they took as individuals" which rise to the level of constitutional violations.  (ECF No. 133 at 2; ECF No. 98 at 3.)  Thus, the Court need not address this issue further in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence

of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

## 2. Personal Jurisdiction

Next, the Magistrate Judge analyzed arguments raised by the WVUH Defendants Yung and Wilson as well as West Virginia BOP/USPHS Defendants Shearer, Elliot, Peitrisko, Friend, Azumah, Corbin, and Vasquez that this Court lacks personal jurisdiction over them. (ECF No. 132 at 12.) The Magistrate Judge fully addressed the personal jurisdiction question in his Report and Recommendation and set forth the proper analysis applicable to nonresidents of South Carolina. (ECF No. 132 at 13-14.) The Magistrate Judge noted that Plaintiff failed to allege any facts in his complaint or amendment to his complaint to support personal jurisdiction in accordance with the South Carolina long arm statute and consistent with constitutional due process. *See Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir.1993); *Blue Ridge Bank v. Veribanc, Inc.,* 755 F.2d 371, 373 (4th Cir. 1985). The Magistrate Judge therefore concluded that Plaintiff had failed to ultimately prove grounds for jurisdiction by a preponderance of the evidence after personal jurisdiction was challenged by the Defendants. (ECF No. 132 at 12.) This Court agrees and also notes that Plaintiff has not filed any specific objection to the Magistrate Judge's personal jurisdiction analysis and instead states that a transfer of this case would serve the interest of justice. (ECF No. 133 at 22.) In his Report and Recommendation, the Magistrate Judge found that to the extent Plaintiff is requesting that the West Virginia Defendants be severed from this matter and the action transferred, such action by the Court would not serve the interest of justice because the action was time-barred at the time it

was filed.[1]  This Court agrees and the absence of a specific objection, the Court need not address the point in detail and finds no error in the Magistrate Judge's analysis.

### 3.  Statute of Limitations

The Magistrate Judge then addressed the WVUH Defendants (Yung and Wilson), as well the West Virginia BOP/USPHS Defendants (Shearer, Elliot, Peitrisko, Friend, Azumah, Corbin, and Vasquez) contention that Plaintiff's claims are barred by the applicable West Virginia two-year statute of limitations.  (ECF No. 132 at 14-16.)  The Magistrate Judge noted that Plaintiff does not appear to dispute that the two-year West Virginia statute of limitations applies, but instead argues that the causes of action did not accrue until March 2010 because that is when he discovered he had an actual injury after viewing an x-ray that revealed fluid in his lung and/or pleural thickening. (ECF No. 132 at 16.)  Based on the allegations of the complaint, the Magistrate Judge concluded that West Virginia is the "relevant state" where the alleged actions occurred and that West Virginia's statute of limitations should apply.  (ECF No. 132 at 15.)

While Plaintiff filed an objection to the Magistrate Judge's findings concerning the statute of limitations, he initially stated his agreement with the conclusions that the West Virginia statute of limitations applies to the West Virginia claims and appears to agree that the question of "when" a civil rights action accrues is a question of federal law.  (ECF No. 133 at 3.)  Despite acknowledgment that federal law governs the question of when a civil rights action accrues, Plaintiff reiterates previously made arguments suggesting that under West Virginia law, accrual begins not when the wrong was inflicted, but when the person knows of the injury and its cause.  (ECF No. 133 at 3.)  To eliminate any confusion on the intricate intersection between federal and state law on the point, the Court will quickly discuss the appropriate analysis.

---

[1] On May 6, 2011, Plaintiff filed a response to the answer filed by Defendants Wilson and Yung appearing to request that this court transfer this action.  The motion was denied without prejudice as premature and does not appear to have been renewed.  (ECF No. 119 at 3; ECF No. 123.)

*National Advertising Company v. City of Raleigh*, 947 F.2d 1158 (4th Cir. 1991), cited in Plaintiff's brief indicates in relevant part: "[t]he selection of the appropriate statutory limitations period is only the first step in the analysis." *Nat'l Advertising Co. v. City of Raleigh*, 947 F.2d 1158, 1162 (4th Cir. 1991). After determining the statutory limitations period for a § 1983 action, the next question is determining when the plaintiff's cause of action accrued. *Id.* Determining the date upon which a § 1983 claim accrues is a matter of federal law.[2] *Albright v. Oliver,* 510 U.S. 266, 280 n. 6 (1994). Plaintiff would try to impose a "discovery rule" approach based on West Virginia law at this juncture in arguing that he "did not 'discover' that the wrong done had caused an actual permanent 'injury' until March 2010." (ECF No. 133 at 4.) He goes on to state that the "actual 'injury' discovery is the 'basis' of the action" and therefore argues that his claims did not accrue until March 2010 "discovery" date. (ECF No. 133 at 4.) The federal law, however, would hold that "the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." *Nat'l Advertising Co.*, 947 F.2d at 1162 (internal citations omitted). In other words, "for purposes of a § 1983 claim, a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice-e.g., by the knowledge of the fact of injury and who caused it-to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *see also United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)("A plaintiff such as Kubrick, armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against

---

[2] A *Bivens* claim (*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)) is analogous to a claim brought against state officials under 42 U.S.C. § 1983. Therefore, case law involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20, n. 30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825, 839 (1994).

the Government"). A federal cause of action accrues upon inquiry notice. *Nasim,* 64 F.3d at 955 (analyzing when a cause of action accrued in a lawsuit brought by a prisoner alleging that the defendants deliberately exposed him to asbestos during the time he was incarcerated.)

Plaintiff alleged that WVUH treating doctor Alison Wilson diagnosed him with pneumonia in July 2008 and that he was discharged by Defendant Yung shortly after his diagnosis. (ECF No. 1, ¶ 45-46). He complains that Defendants Wilson and Yung refused to continue treating him despite his frail condition, pneumonia and fever. (ECF No. 1, ¶ 45-51.) Plaintiff specifically alleges that Wilson and Yung acted with deliberate indifference by "willfully disregard[ing] his condition due to his status" and discharging him back to an environment that they knew posed a substantial risk of harm to Plaintiff in his weak and frail condition. (ECF No. 1, ¶¶ 51-52.) Plaintiff further alleges that when Wilson and Yung discharged him they caused Plaintiff actual injury, unnecessary and wanton infliction of pain, and emotional distress. (ECF No. 1, ¶ 51-52.) Thus, the complaint itself reveals that as early as July 2008, Plaintiff had sufficient knowledge of a July 2008 injury by the alleged perpetrators, and was therefore placed on inquiry notice. Thus, Plaintiff's cause of action against Defendants Wilson and Yung accrued on July 4, 2008, when he was discharged from the hospital. Plaintiff did not file his action in this Court until November 16, 2010. Plaintiff's action against Defendants Wilson and Yung is therefore barred by the applicable two-year statute of limitations.

Plaintiff devotes several paragraphs to discussing the allegedly deficient medical care he received from the West Virginia BOP/USPHS Defendants (Shearer, Elliot, Peitrisko, Friend, Azumah, Corbin, and Vasquez) after he returned to USP-Hazleton after the nine-day hospitalization at WVUH following the incident at USP-Hazleton on June 25, 2008. (ECF No. 1, ¶¶ 21-131.) As the Magistrate Judge noted, Plaintiff asserted claims against the West Virginia BOP/USPHS Defendants for alleged wrongs taking place between June 25 and August 25, 2008.

He detailed the various examinations and treatment he received from the several West Virginia BOP/USPHS Defendants and outlined his estimation of his medical condition. (ECF No. 1, ¶¶ 21-114.) Plaintiff provided no specific allegations of any incidents occurring after August 25, 2008. Plaintiff was certainly aware of the allegedly deficient medical care at the time it was rendered, i.e., July and August 2008, and provided detailed discussion on the purported deficient treatment. (ECF No. 1, ¶¶ 20-131). This Court therefore agrees with the Magistrate Judge's finding that the statute of limitations expired for the claims stated in his complaint at the latest on August 25, 2010, two years after the last enumerated event.

Plaintiff tries to avoid the statute of limitations problem by arguing that he did not discover that "the alleged harm" had caused a permanent injury until March 2010 when he saw an x-ray of his lung with his own eyes. (ECF No. 133 at 4; ECF No. 1, ¶ 141.) He then argues that his claims, therefore, did not accrue until he made the discovery of the permanent injury. Accrual of a claim, however, does not "'await awareness by the plaintiff that his injury was negligently inflicted.'" *Nasim*, 64 F.3d at 955 (citing *U.S. v. Kubrick*, 444 U.S. 111, 123 (1979)("We thus cannot hold that Congress intended that 'accrual' of a claim must await awareness by the plaintiff that his injury was negligently inflicted.")) Additionally, the accrual date does not change to a later date on the basis of Plaintiff's argument that he subsequently discovered that his injury is permanent or more severe than he originally thought. *Albertson v. T.J. Stevenson & Co.,* 749 F.2d 223, 232–33 (5th Cir.1984) (holding that the plaintiff's claims were time-barred when he suffered a headache, nausea, and blackouts immediately after being exposed to a toxin, but did not file suit until well after the statute of limitations had expired and he learned he had sustained additional, much more serious injuries). "[I]t is the defendant's actions, not the resulting injury, which are the focus of an Eighth Amendment claim." *See Russell v. Carroll*, No. Civ-09-435, 2012 WL 719760, *4 (E.D. Okla. 2012). Plaintiff's objections are not supported by the applicable law and do not change the unavoidable result that

Plaintiff's claims against WVUH Defendants Wilson and Yung as well as the West Virginia BOP/USPHS Defendants (Shearer, Elliot, Peitrisko, Friend, Azumah, Corbin, and Vasquez) are barred by the statute of limitations and subject to dismissal on that ground.  Any attempt by Plaintiff to push the accrual date of his Eighth Amendment Claims beyond August 2008 fails.

### 4.  Exhaustion of Remedies

Next, Plaintiff addresses exhaustion of administrative remedies as part of his filed objections.  (ECF No. 133 at 6.)  The Magistrate Judge fully addressed the issue of whether Plaintiff exhausted his available administrative remedies.  (ECF No. 132 at 16-22.)  The Magistrate Judge concluded that Plaintiff's claims against the West Virginia Defendants (Wilson, Yung, Shearer, Elliot, Petrisko, Friend, Azumah, Corbin, and Vasquez) should not be dismissed for failure to exhaust (but be dismissed for lack of personal jurisdiction and being barred by the applicable statute of limitations).  (ECF No. 132 at 19.)  Plaintiff had no objection to the Magistrate Judge's finding regarding Plaintiff's failure to exhaust his West Virginia claims and the Court finds no error.  (ECF No. 133 at 6.)  The Magistrate Judge also recommended that the claims against the Federal Defendants in South Carolina (Lopez, Smith, Fonte, Saha, Guevara, Fuertes-Rosario, Mackelburg, Rice, and Blocker) be dismissed because Plaintiff failed to exhaust his available administrative remedies as to his claims against these Defendants prior to filing this action. (ECF No. 132 at 19-20.)  In reaching his conclusions and setting forth his recommendation, the Magistrate Judge acknowledged Plaintiff's argument that his failure to exhaust his administrative remedies should be excused because Defendant Mackelburg improperly rejected a grievance instead of recusing himself based on being named as a party to the grievance.  (ECF No. 132 at 19-20.)  The Magistrate Judge fully addressed this argument in his Report and Recommendation and concluded that Plaintiff did not follow BOP regulations in submitting his grievance and also failed to resubmit his grievance when given the opportunity.  (ECF No. 132 at 20.)  The Magistrate Judge reviewed the evidence presented by

the parties on this question and concluded that to the extent Plaintiff claims that resubmitting or appealing the grievances would have been futile, this would not excuse his failure to exhaust. (ECF No. 132 at 21.)

Plaintiff objects to the Magistrate Judge's findings concerning the claims against the Federal Defendants in South Carolina (Lopez, Smith, Fonte, Saha, Guevara, Fuertes-Rosario, Mackelburg, Rice, and Blocker) and claims that there is a "genuine issue of material fact as to whether prison staff at F.C.I. Edgefield took actions such that Plaintiff's remedies there were made unavailable." (ECF No. 133 at 6.) Plaintiff's objection concerning administrative remedies restates his previous arguments which were carefully and completely addressed by the Magistrate Judge. (ECF No. 132 at 16-22.) Having reviewed Plaintiff's objection, this Court is unable to find any issue that would call into question the Magistrate Judge's analysis, legal conclusion and recommended disposition. In fact, Plaintiff does not assert any specific allegations of error in the Report and Recommendation, and instead simply restates his previous arguments which were considered and rejected by the Magistrate Judge. The Magistrate Judge concluded that Plaintiff did not comply with the mandatory exhaustion requirements prior to filing this action and this Court agrees. "[A] prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

### 5.  Absolute Immunity

Plaintiff also appears to object to the Magistrate Judge's absolute immunity analysis and the conclusion that the Defendants Smith and Corbin are entitled to absolute immunity under the terms of the Public Health Service Act. (ECF No. 132 at 23.)  In doing so, Plaintiff reiterates arguments previously made and considered by the Magistrate Judge concerning the parameters of absolute immunity under the terms of the Public Health Service Act, 42 U.S.C. § 233(a). While Plaintiff cites *Hui v. Castaneda*, 130 S.Ct. 1845 (2010) in his objections in arguing that

*Bivens* is the appropriate remedy in his suit for claims against Defendants in their individual capacities, he ignores the portion of the Supreme Court's opinion which specifically states that "even in circumstances in which a *Bivens* remedy is generally available, an action under *Bivens* will be defeated if the defendant is immune from suit." *Hui*, 130 S.Ct. at 1852.  In *Hui*, the Supreme Court noted that there are two separate inquiries involved in determining whether a *Bivens* action may proceed against a federal agent: 1) whether the agent is amenable to suit and 2) whether a damages remedy is available for a particular constitutional violation absent authorization by Congress.  *Hui*, 130 S.Ct. at 1852.  The *Hui* Court also specifically noted that the Public Health Service Act, 42 U.S.C. § 233 "plainly indicates that it precludes a *Bivens* action against petitioners for the harm alleged in this case," in that its very language makes the Federal Tort Claims Act ("FTCA") the exclusive remedy for legal actions against members of the Public Health Service for harms allegedly arising out of the performance of medical functions related to their employment.  *Id.*  Defendants have represented that Defendants Smith and Corbin were members of the USPHS at the time of the alleged incident and Plaintiff does not dispute this.  Notwithstanding Plaintiff's objections and Plaintiff's attempts to characterize his suit against those Defendants as one for actions taken outside of the scope of their employment, it is clear from Plaintiff's complaint that Plaintiff has sued Corbin and Smith, both USPHS employees, for alleged injuries resulting from the performance of medical functions pertinent to their positions and within the scope of their employment as medical providers at USP-Hazleton and FCI-Edgefield.  (ECF Nos. 1 &100.)  Thus, these Defendants are immune from personal liability in this case.  The Court therefore overrules this objection and the claims against the individual Defendants Corbin and Smith are precluded and subject to dismissal. Even if these Defendants were not entitled to absolute immunity, which they are, Plaintiff's claims would be subject to dismissal due to lack of personal jurisdiction and failure to exhaust as analyzed above and in the Magistrate Judge's Report and Recommendation.

### 6.  State Actor

The Magistrate Judge concluded that Plaintiff's claims against Defendants Yung and Wilson brought pursuant to 42 U.S.C. § 1983 or *Bivens* are also subject to dismissal because Plaintiff has failed to show that these Defendants were acting under the color of law when they were providing treatment to Plaintiff at WVUH.  (ECF No.  132 at 24.)  This Court has already concluded that Plaintiff's claims against these Defendants should be dismissed because this Court lacks personal jurisdiction over these Defendants and because Plaintiff's claims against them are barred by the applicable limitations.  Still, this Court has reviewed and considered Plaintiff's objection to the portion of the Report and Recommendation which analyzes whether Defendants Yung and Wilson were acting as government actors during the time they were performing the public function of providing medical services to Plaintiff.  (ECF No. 133 at 17.)  In particular, Plaintiff's argument that "there is a genuine issue of material fact as to whether these Defendants are state actors" was fully considered by the Magistrate Judge and addressed in his Report and Recommendation.  Plaintiff's argument was soundly rejected and the Court finds nothing in Plaintiff's submission to this Court to indicate that the Magistrate Judge erred in his analysis and findings.

### 7.   Plaintiff's Motion to Impeach, Exclude, and Strike

Finally, the Court takes up Plaintiff's Motion to Impeach and Exclude, and Motion to Strike.  (ECF No. 94.)  The Magistrate Judge attempted to identify the legal basis for Plaintiff's motion and specifically analyzed the requested relief under Federal Rule of Civil Procedure 12(f) as it appeared that Plaintiff sought to strike the affidavit of Jenifer G. Hollett.  (ECF No. 132 at 26.)   Plaintiff does not appear to contest the Magistrate Judge's finding and agreed that his motion to strike is "likely improper."  (ECF No. 133 at 19.)  Plaintiff still maintains, however, that the Hollett's declaration and attachments should be impeached or excluded due to bias.  (ECF No. 133 at 19-21.)  Plaintiff seems to seek the opportunity to attack Hollett's credibility

based on Federal Rule of Evidence 607 and/or 608. Federal Rules of Evidence 607 and 608 set forth the permissible methods and uses of character evidence of a witness and are not properly invoked at this time. Plaintiff has not provided a proper legal basis for impeaching or excluding the Hollett affidavit. Thus, the Motion is denied in accordance with the recommendation of the Magistrate Judge.

## **CONCLUSION**

The Court has viewed Plaintiff's complaint in light of applicable standards and in the manner most favorable to Plaintiff. The Court has carefully reviewed the record, the Report and Recommendation and Plaintiff's Objections and concurs in the recommendation of the Magistrate Judge. The Court hereby orders as follows: 1) Defendant John Doe #2 is DISMISSED from this case WITHOUT PREJUDICE; 2) the motion to dismiss of Defendants Yung and Wilson (ECF No. 102) is GRANTED; 3) the motion to dismiss of Defendants Shearer (John Doe #1); Elliot (John Doe #3); Peitrisko (John Doe #4), Friend, Azumah, Corbin, Vasquez, Lopez, Smith, Fonte, Saha, Fuertes-Rosario, Mackelburg, Rice, and Blocker (ECF No. 109) is GRANTED; 4) the motion to dismiss of Defendant Bowman (ECF No. 116) is DENIED[3]; 5) and Plaintiff's motion to impeach, exclude, and strike (ECF No. 94) is DENIED. The Court adopts and incorporates the Report and Recommendation by reference into this order.

On August 8, 2012, Plaintiff filed a Motion to Stay Proceedings 90 Days. (ECF No. 134.) At the time he filed the motion to Stay, Plaintiff had already filed his objections to the Report and Recommendation. (ECF No. 133) and thus, there was no real cause to stay the case. In any

---

[3] Defendant Bowman has not filed any objection to the Report and Recommendation recommending that her Motion to Dismiss be denied. The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted). The Court finds no clear error here.

event, Plaintiff has had the benefit of the requested relief as 90 days have passed since the filing of the Motion. The Motion to Stay is therefore DENIED.

    IT IS SO ORDERED.

                                                      /s/Mary G. Lewis
                                                      United States District Judge

February 22, 2013
Spartanburg, South Carolina