IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carl Blake Brock, #08560-003, ) | Civil Action No.: 3:10-2821-MGL |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| vs. ) | |
| ) | |
| Catherine Bowman, Radiology Tech, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

*Pro se* Plaintiff Carl Blake Brock ("Plaintiff") filed this action on November 16, 2010, pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiff originally brought this action against several defendants who are Bureau of Prisons ("BOP") employees and several other defendants who are employees of the United States Public Health Service ("USPHS"), the West Virginia University Hospital ("WVUH"), or not employed by BOP. Plaintiff is currently housed at the Federal Correctional Complex in Forrest City, Arkansas, but at the time of the alleged incidents involving Defendant Catherine Bowman ("Defendant Bowman"), he was incarcerated at United States Penitentiary Hazleton ("USP-Hazleton") in Bruceton Mills, West Virginia.  At the time Plaintiff filed his complaint he was incarcerated at the Federal Correctional Institution in Edgefield, South Carolina.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law and the court incorporates them and summarizes below in relevant part.  Plaintiff filed this action on November 16, 2010 (ECF No. 1), and amended his complaint on January 5, 2012, incorporating his original complaint.  (ECF No. 100.)

1

This court issued an order on February 22, 2013 (ECF No. 140) dismissing Defendant John Doe #2 without prejudice, granting the motion to dismiss of Defendants Shearer (John Doe #1); Elliot (John Doe #3); Peitrisko (John Doe #4), Friend, Azumah, Corbin, Vasquez, Lopez, Smith, Fonte, Saha, Fuertes-Rosario, Mackelburg, Rice, and Blocker (ECF No. 109), and denying the motion to dismiss of Defendant Bowman. (ECF No. 116.) Thus, Defendant Bowman is the only remaining defendant of the several defendants originally named in the complaint.

On April 15, 2013, Plaintiff filed a motion for judgment on the pleadings (ECF No. 143), and he also filed a motion to strike or in the alternative to dismiss Defendant Bowman's defenses and affirmative defenses. (ECF No. 144.) On April 16, 2013, Defendant Bowman filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 145.) Accordingly, Plaintiff was advised on April 18, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of the dismissal/summary judgment procedures relevant to Defendant Bowman's motion. Plaintiff filed a response on April 25, 2013. (ECF No. 150.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On July 18, 2013, Magistrate Judge McCrorey issued a Report and Recommendation recommending that Plaintiff's motion for judgment on the pleadings (ECF No. 143) be denied; Plaintiff's motion to strike or in the alternative to dismiss (ECF No. 144) be denied; and Defendant Bowman's motion for judgment on the pleadings (ECF No. 145) be denied. (ECF No. 151.) Defendant Bowman filed objections to the Report and Recommendation on July 24, 2013 (ECF No. 153), and Plaintiff filed objections to the Report and Recommendation on July 29, 2013. (ECF No. 154.)

Plaintiff filed an opposition to Defendant Bowman's objections to the Report and Recommendation on August 2, 2013 (ECF No. 155), while Defendant Bowman filed a reply to Plaintiff's objections to the Report and Recommendation on August 13, 2013. (ECF No. 156.) Finally, Plaintiff filed a surreply addressing Defendant Bowman's request for oral argument. (ECF No. 157.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. After conducting a *de novo* review of the objections, and considering the record, applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds the Magistrate Judge's recommendation to be proper and adopts the Magistrate Judge's Report and Recommendation for the reasons set forth below.

## REPORT AND RECOMMENDATION AND RESPONSES

The Magistrate Judge set forth a detailed listing of facts which were construed in the light most favorable to Plaintiff based on the allegations made in Plaintiff's complaint. (ECF No. 151 at 2.) He then fully discussed the applicable standards of review for motions to dismiss/judgment on the pleadings (ECF No. 151 at 3.) In this case, Plaintiff claims that Defendant Bowman was deliberately indifferent to his serious

3

medical needs. Defendant Bowman, a radiologist (who does not appear to be an employee of USP-Hazelton) argues that her motion to dismiss should be granted because the cause of action pled by Plaintiff should at most be considered a negligence cause of action. The Magistrate Judge noted that Defendant Bowman did not address Plaintiff's Eighth Amendment claims in her motion, but instead argues that Plaintiff's claims are merely ones for negligence and that Plaintiff fails to establish that Defendant Bowman owed any duty to Plaintiff that could have been breached. (ECF No. 151 at 5.)

Although mere claims of negligence fail to rise to the level of a constitutional violation, in viewing the complaint in the light most favorable to Plaintiff, the Magistrate Judge concluded that Plaintiff alleged more than negligence. (ECF No. 151 at 7.) The Magistrate Judge recommends that the motion for judgment on the pleadings be denied because Defendant Bowman failed to address Plaintiff's claims for deliberate indifference. (ECF No. 151 at 7.) The Magistrate Judge further recommends that Plaintiff's motion for judgment on the pleadings be denied as issues of material fact remain as to whether Defendant Bowman, sued in her individual capacity according to Plaintiff, had firsthand knowledge of Plaintiff's injured ankle and whether she willfully disregarded his serious medical and treatment needs. (ECF No. 151 at 7-8.) The Magistrate Judge recommends Plaintiff's motion to strike be denied as untimely and further because Plaintiff has not shown that Defendant Bowman's answer to Plaintiff's amended complaint contains an insufficient defense or any redundant, immaterial, impertinent, or scandalous material as required by the applicable rule to sustain such a drastic remedy. (ECF No. 151 at 8-10.)

Defendant Bowman filed objections to the Report and Recommendation. In her objections, Defendant Bowman contends that the Magistrate Judge failed to appreciate

the role and duties of Defendant Bowman, a radiologic technician. (ECF No. 153.) Defendant Bowman argues that in her position as a radiologic technician, she cannot read x-rays, order pain medication or prescriptions, diagnose patients, or convey information to patients. (ECF No. 153 at 1-2.) In essence, Defendant Bowman's argument is that the restrictions imposed by West Virginia law on her job functions and scope of employment statutorily preclude her from performing the actions Plaintiff alleges she committed. (ECF No. 153 at 2-3.) She argues that the Magistrate Judge failed to fully appreciate her affidavit which sets forth the limited scope of her employment and notes that all of the Defendants who had the ability to diagnose, treat, or otherwise alleviate Plaintiff's condition have been dismissed from this action.

Plaintiff also filed objections to the Report and Recommendation. (ECF No. 154.) Plaintiff contends that the Magistrate Judge overlooked some critical facts detailed in his complaint related to Defendant Bowman. (ECF No. 154 at 2-7.) Plaintiff also objects to the Magistrate Judge's recommendation that issues of material fact remain as to Defendant Bowman's conduct and whether she deliberately acted indifferently to his medical condition by denying him treatment, therapy, and a referral to a medically qualified person. (ECF No. 154 at 7-9.) Plaintiff raises a third objection claiming that he is being held to a higher standard than Defendant Bowman who is represented by counsel. (ECF No. 154 at 10-12.) Finally, Plaintiff objects to the Magistrate Judge's recommended treatment of Plaintiff's motion to strike/dismiss Defendant Bowman's answer and maintains that Defendant Bowman's answer and defenses could be dismissed or summary judgment granted. (ECF No. 154 at 12.) Plaintiff also filed a surreply in response to Defendant Bowman's objections and argues that Defendant Bowman is not entitled to an oral argument at this time given that Defendant Bowman

has no legitimate defense to the Eighth Amendment claims against her nor has she shown that any genuine issues of material fact remain in this case. (ECF No. 157.)

## **ANALYSIS/ DISCUSSION**

The court has reviewed the parties' objections *de novo* and finds no error. In sum, Defendant Bowman's objection to the Magistrate Judge's recommendation is that the Magistrate Judge did not fully appreciate the totality of the affidavit submitted in conjunction with the motion for judgment on the pleadings. However, Rule 12(c) of the Federal Rules of Civil Procedure provides that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and shall be disposed of as provided in Rule 56." Fed.R.Civ.P.12(c). Defendant Bowman did not give this court any indication that her motion should be treated as a motion for summary judgment and the court declines to construe it as such. Further, even if West Virginia law restricts her employment, as Defendant Bowman alleges in her motion and objections, this fact does not necessarily mean that Defendant Bowman acted entirely within the scope of her restricted employment at all times and demand an automatic dismissal of the claims against her. Thus, Defendant Bowman's objections are overruled.

Further, to address Plaintiff's objections, the Magistrate Judge set forth a comprehensive summation of the most relevant facts based on the allegations in the complaint. It is because the Magistrate Judge credited these allegations that he recommended Defendant Bowman's motion for judgment on the pleadings be denied. The Magistrate Judge also appropriately viewed Defendant Bowman's contentions as further evidence of genuine issues of material fact precluding a finding of judgment as a

matter of law in favor of Plaintiff. Finally, the court finds no error as it relates to the proceedings as they have developed and the rulings made in this case. The court will decide whether oral argument is necessary on any submissions sent to this court and inform the parties accordingly. The court's prior rulings in this matter have been made with the goal of resolving this case on the merits and in fairness to both parties. Accordingly, Plaintiff's objections are also overruled.

## **CONCLUSION**

The court has carefully reviewed the record, the Report and Recommendation and parties' objections and concurs in the recommendation of the Magistrate Judge. The court adopts and incorporates the Report and Recommendation by reference into this order. Plaintiff's motion for judgment on the pleadings (ECF No. 143) is denied; Plaintiff's motion to strike or in the alternative to dismiss (ECF No. 144) is denied; and Defendant Bowman's motion for judgment on the pleadings (ECF No. 145) is denied. (ECF No. 151.)

This matter is remanded to the Magistrate Judge for further pretrial proceedings consistent with this order. Accordingly, the Magistrate Judge should enter a scheduling order to govern the remainder of this case and the briefing of any additional motions, and further setting a jury selection and trial date on or after February 18, 2014.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

October 9, 2013
Spartanburg, South Carolina